IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TODD DOTY; PAUL HURCKES; TODD KOSTER; JILL KRUGER; MICHAEL LAREAU; MATTHEW MCGEEVER; DAVID PEDRIC; GERALD SMITH; JAMES TAVERNARO; DANIEL ZELLER,<br><br>  Plaintiffs,<br><br>  v.<br><br>VILLAGE OF SOUTH HOLLAND, an Illinois Municipal Corporation<br><br>  Defendant. | Case No. 1:23-cv-03897<br><br>Judge<br><br>Magistrate Judge |

## COMPLAINT

NOW COME the Plaintiffs, TODD DOTY, PAUL HURCKES, TODD KOSTER, JILL KRUGER, MICHAEL LAREAU, MATTHEW MCGEEVER, DAVID PEDRIC, GERALD SMITH, JAMES TAVERNARO, and DANIEL ZELLER (collectively "Plaintiffs"), by and through their attorneys, Griffin Williams McMahon & Walsh, LLP and present their Complaint against the VILLAGE OF SOUTH HOLLAND, ILLINOIS and in support thereof, complain as follows:

### NATURE OF THE ACTION

1. This is an action to recover overtime wages and liquidated damages pursuant to the Federal Fair Labor Standards Act of 1938 (29 U.S.C. § 201 *et seq.* (1988)) ("FLSA"), Illinois Wage Payment and Collection Act ("IWPCA"), and the Illinois Minimum Wage Law ("IMWL").

1

2. Plaintiffs are or were municipal peace officers who have worked for the Defendant during the relevant statute of limitation period through the filing of this complaint and have not been paid for overtime in violation of federal and state law.

3. Defendant has failed to calculate and pay Plaintiffs' overtime pursuant to the Village of South Holland Employee Manual ("the Manual"), including paying overtime for hours worked in excess of forty hours in one workweek or eighty hours in two workweeks.

4. The Village has failed to calculate overtime consistent with the FLSA, IMWL or the Manual. The Manual provides an independent entitlement to overtime in addition to the entitlements found in the FLSA and IMWL.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court is invoked and proper pursuant to 28 U.S.C. §§ 1331 and 1367.

6. Venue is proper where the unlawful wage payment practices alleged below were committed and Defendant resides within the geographical region of the United States District Court for the Northern District of Illinois, Eastern Division.

## THE PARTIES

7. Plaintiff Todd Doty ("Sgt. Doty") at times complained of was a duly appointed sergeant of police and an employee of the Village as defined and codified in 29 U.S.C. § 203(e) and 820 ILCS § 115/2.

8. The Village is, and at all times complained of was, Sgt. Doty's employer as defined and codified in 29 U.S.C. § 203(d) and 820 ILCS § 115/2.

9. Plaintiff Paul Hurckes ("Sgt. Hurckes") at times complained of was a duly appointed sergeant of police and an employee of the Village as defined and codified in 29 U.S.C. § 203(e) and 820 ILCS § 115/2.

10. The Village at times complained of was Sgt. Hurckes's employer as defined and codified in 29 U.S.C. § 203(d) and 820 ILCS § 115/2.

11. Plaintiff Todd Koster ("Lt. Koster") at times complained of was a duly appointed sergeant or lieutenant of police and an employee of the Village as defined and codified in 29 U.S.C. § 203(e) and 820 ILCS § 115/2.

12. The Village is, and at all times complained of was, Lt. Koster's employer as defined and codified in 29 U.S.C. § 203(d) and 820 ILCS § 115/2.

13. Plaintiff Jill Kruger ("Cmdr. Kruger") at times complained of was a duly appointed sergeant, lieutenant, or commander of police and an employee of the Village as defined and codified in 29 § U.S.C. 203(e) and 820 ILCS § 115/2.

14. The Village is, and at all times complained of was, Lt. Kruger's employer as defined and codified in 29 U.S.C. § 203(d) and 820 ILCS § 115/2.

15. Plaintiff Michael Lareau ("Lt. Lareau") is, and at all times complained of was, a duly appointed sergeant or lieutenant of police and an employee of the Village as defined and codified in 29 § U.S.C. 203(e) and 820 ILCS § 115/2.

16. The Village is, and at all times complained of was, Lt. Lareau's employer as defined and codified in 29 U.S.C. § 203(d) and 820 ILCS § 115/2.

17. Plaintiff Matthew McGeever ("Sgt. McGeever") is, and at all times complained of was, a duly appointed sergeant of police and an employee of the Village as defined and codified in 29 U.S.C. § 203(e) and 820 ILCS § 115/2.

18. The Village is, and at all times complained of was, Sgt. McGeever's employer as defined and codified in 29 U.S.C. § 203(d) and 820 ILCS § 115/2.

19. Plaintiff David Pedric ("Lt. Pedric") at times complained of was a duly appointed sergeant or lieutenant of police and an employee of the Village as defined and codified in 29 U.S.C. § 203(e) and 820 ILCS § 115/2.

20. The Village is, and at all times complained of was, Lt. Pedric's employer as defined and codified in 29 U.S.C. § 203(d) and 820 ILCS § 115/2.

21. Plaintiff Gerald Smith ("Sgt. Smith") at times complained of was a duly appointed sergeant of police and an employee of the Village as defined and codified in 29 U.S.C. § 203(e) and 820 ILCS § 115/2.

22. The Village at times complained of was Sgt. Smith's employer as defined and codified in 29 U.S.C. § 203(d) and 820 ILCS § 115/2.

23. Plaintiff James Tavernaro ("D.C. Tavernaro") at times complained of was a duly appointed sergeant, lieutenant, or deputy chief of police and an employee of the Village as defined and codified in 29 U.S.C. § 203(e) and 820 ILCS § 115/2.

24. The Village at times complained of was D.C. Tavernaro's employer as defined and codified in 29 U.S.C. § 203(d) and 820 ILCS § 115/2.

25. Plaintiff Daniel Zeller ("Lt. Zeller") is, and at all times complained of was, a duly appointed sergeant or lieutenant of police and an employee of the Village as defined and codified in 29 § U.S.C. 203(e) and 820 ILCS § 115/2.

26. The Village is, and at all times complained of was, Lt. Zeller's employer as defined and codified in 29 U.S.C. § 203(d) and 820 ILCS § 115/2.

27. The Village is, and at all times complained of was, an Illinois municipal corporation located in South Holland, Illinois.

## STATEMENT OF FACTS

28. Plaintiffs repeat, re-allege, and incorporate by reference the allegations of paragraphs one through twenty-seven as if fully set forth herein.

29. Sgt. Doty was promoted to the rank of sergeant on February 28, 2022. Sgt. Doty is, and at times complained of was, paid by the Village on an hourly basis, rather than a salary basis.

30. Sgt. Hurckes was promoted to the rank of sergeant in 2003. Sgt. Hurckes was paid by the Village on an hourly, rather than a salary basis.

31. Lt. Koster was promoted to the rank of sergeant on September 6, 2016, and to lieutenant on August 2, 2021. Lt. Koster is, and at times complained of was, paid by the Village on an hourly basis, rather than a salary basis.

32. Cmdr. Kruger was promoted to the rank of sergeant on January 21, 2014, to lieutenant on December 10, 2016, and to commander on August 7, 2021. Cmdr. Kruger is, and at all times complained of was, paid by the Village on an hourly basis, rather than a salary basis.

33. Lt. Lareau was promoted to the rank of sergeant in January 2016. Lt. Lareau is, and at all times complained of was, paid by the Village on an hourly basis, rather than a salary basis.

34. Sgt. McGeever was promoted to the rank of sergeant on October 19, 2022. Sgt. McGeever is, and at all times complained of was, paid by the Village on an hourly basis, rather than a salary basis.

35. Lt. Pedric was promoted to the rank of sergeant in 1997 and to lieutenant in 2003. Lt. Pedric is, and at all times complained of was, paid by the Village on an hourly basis, rather than a salary basis.

36. Sgt. Smith was promoted to the rank of sergeant on September 16, 2019. Sgt. Smith at times complained of was paid by the Village on an hourly basis, rather than a salary basis.

37. Deputy Chief Tavernaro was promoted to the rank of sergeant in 2001, to lieutenant in 2012, and to deputy chief in 2016. Deputy Chief Tavernaro was paid by the Village on an hourly basis, rather than a salary basis, at all times prior to being promoted to the rank of deputy chief.

38. Lt. Zeller was promoted to the rank of sergeant in August 2019 and to lieutenant in September 20201. Lt. Zeller is, and at all times complained of was, paid by the Village on an hourly basis, rather than a salary basis.

39. At all times complained of, the Village maintained and applied a disciplinary policy whereby Plaintiffs were subject to, and some or all received, unpaid suspensions as short as one day for even minor violations of departmental rules.

40. At all times when Plaintiffs held the rank of sergeant or lieutenant, they spent more than 50% of their time on duty engaged in traditional police work including preventing or detecting crimes, conducting investigations or inspections for violations of law, pursuing and apprehending suspects, detaining or supervising suspected criminals, interviewing witnesses, preparing investigative reports, or other similar work.

41. At all times complained of, the Village calculated Plaintiffs' wages and paid them on an hourly basis. Plaintiffs received their pay in bi-weekly pay periods.

42. At all times when the Plaintiffs held the ranks of sergeant or lieutenant their schedules were inconsistent. At all times complained of, Plaintiffs' pay varied depending on the number of hours worked during a pay period.

43. Section 29 U.S.C. § 207 of the FLSA provides "[e]xcept as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

44. Section 29 C.F.R. § 778.101 provides "40 hours as the maximum number that an employee subject to its provisions may work for an employer in any workweek without receiving additional compensation at not less than the statutory rate for overtime."

45. Section 29 C.F.R. § 778.104 of "the Act takes a single workweek as its standard and does not permit averaging of hours over 2 or more weeks. Thus, if an employee works 30 hours one week and 50 hours the next, he must receive overtime compensation for the overtime hours worked beyond the applicable maximum in the second week, even though the average number of hours worked in the 2 weeks is 40."

46. The Village has not established a work period that meets the requirements for an exemption under Section 207(k) of the FLSA.

47. The Village has never calculated overtime wages for Plaintiffs using a schedule pursuant to Section 207(k) of the FLSA.

48. As employees, Plaintiffs are or were subject to the Village of South Holland Employee Manual ("the Manual"). The Manual constitutes an "Agreement" as defined in the Illinois Wage Payment & Collection Act ("IWPCA").

49. The Manual provides, "[t]ime and a half (sic) is paid to non-exempt employees for hours worked in excess of 40 hours actually worked in a week. (80 hours in a bi-weekly period for Police Officers and Firefighters). Exempt employees who are eligible are paid at the straight time rate for such hours."

50. The Manual does not define "non-exempt employee" or "exempt employee." Plaintiffs, while holding the ranks of sergeant, lieutenant, or commander, were "non-exempt employees" as defined and codified in the FLSA, the Code of Federal Regulations, and the IMWL.

51. The Village has not, and does not, calculate Plaintiffs' overtime by determining hours worked in excess of forty hours in one workweek.

52. The Village has not, and does not, pay overtime to Plaintiffs based on hours worked in excess of forty hours in one workweek.

53. The Village at all times alleged paid Plaintiffs at their regular hourly rate whether they worked more than forty hours in one week or more than eighty hours in two weeks.

54. The Village calculated, and calculates, the length of each sergeant and lieutenant's workday to start at the scheduled start time of each Plaintiff's shift. Each Plaintiff worked, or works, at least eight hours per day when calculated from the start of their shift until the end of their respective shift, excluding overtime accumulated at the end of a shift.

55. The Village and past practice require, and required, that Plaintiffs begin their respective shift at least fifteen minutes prior to the scheduled start time of their respective shifts.

56. The purpose of arriving at least fifteen minutes prior to the scheduled start of each shift is to confer with the sergeant or lieutenant whose shift is ending to discuss policing and supervisory issues related to the prior shift.

57. The conference in advance of the scheduled start time of each shift is an integral and indispensable part of the Plaintiffs' principal responsibilities.

58. The conference in advance of the shift start time qualifies as compensable overtime pursuant to the FLSA, IMWL and wages pursuant to the IWPCA because it means each Plaintiff works or worked more than forty hours per week. The Village does not include the fifteen-minute work period prior to the scheduled start of each shift when calculating Plaintiffs' total hours worked in a seven-day work period.

59. The Village does not include the fifteen-minute work period prior to the scheduled start of each Plaintiff's shift when calculating total hours worked each day.

60. As a result, Plaintiffs all worked more than forty hours in one workweek or more than eighty hours in two workweeks without compensation at one-and-a-half times their respective regular hourly rate.

61. As a result of the Village's intentionally unlawful wage practices, Plaintiffs have been denied overtime wages.

**COUNT I – VIOLATION OF 29 U.S.C. § 207 OF THE FAIR LABOR STANDARDS ACT**

62. Plaintiffs repeat, re-allege, and incorporate by reference the allegations of paragraphs one through sixty-one as if fully set forth herein.

63. Section 29 U.S.C. § 207 of the FLSA provides "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in

commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

64. Section 29 C.F.R. § 778.101 provides "40 hours as the maximum number that an employee subject to its provisions may work for an employer in any workweek without receiving additional compensation at not less than the statutory rate for overtime."

65. The Village has refused and/or continues to refuse to pay overtime to Plaintiffs even though they are paid on an hourly basis.

66. The Village has refused and/or continues to refuse to pay overtime to Plaintiffs even where a plaintiff works more than forty hours in a single workweek.

67. Plaintiffs work at least eight hours each day if calculated from the scheduled start of each shift to the end of each shift. However, sergeants and lieutenants at all times complained of have been required to arrive at least fifteen minutes prior to the start of each shift for purposes of conferring with the sergeant or lieutenant whose shift is ending.

68. During the fifteen-minute period prior to the scheduled start time of each shift, each Plaintiff was and/or is engaged in an act solely for the Village's benefit. The fifteen-minute period that Plaintiffs are required to work prior to the scheduled roll call constitutes overtime and should have been compensated at the attending Plaintiff's overtime rate.

69. The fifteen-minute conference in advance of the scheduled start time of each shift constitutes overtime because it means each Plaintiff works more than 40 hours per week. The Village does not include the fifteen-minute work period before roll call when calculating Plaintiffs' total hours worked in a seven-day work period.

70. The Village's continuing violations of the FLSA were, and are, willful and/or intentional.

71. As a result of the Village's willful and/or intentional violations of the FLSA the Plaintiffs were deprived of substantial overtime wages.

72. Plaintiffs are entitled to liquidated damages due to the willful and/or intentional nature of the Village's violations pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiffs TODD DOTY, TODD KOSTER, JILL KRUGER, MICHAEL LAREAU, MATTHEW MCGEEVER, GERALD SMITH, and DANIEL ZELLER pray that this Honorable Court render judgment in their favor and against Defendant VILLAGE OF SOUTH HOLLAND in an amount in excess of $300,000.00 in compensatory damages, liquidated damages, statutory interest, attorney fees, costs of suit and any other pecuniary relief this court deems proper.

## COUNT II - VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

73. Plaintiffs repeat, re-allege, and incorporate by reference the allegations of paragraphs one through sixty-one as if fully set forth herein.

74. The Village has unlawfully refused to pay Plaintiffs overtime wages as required pursuant to the Manual.

75. According to the IWPCA, "'wages' shall be defined as any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties, whether the amount is determined on a time, task, piece, or any other basis of calculation."

76. Section 115/3 of the IWPCA provides "[e]very employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period. Wages of executive, administrative and professional employees, as defined in the Federal Fair Labor Standards Act of 1939, may be paid once a month."

11

77. Section 115/4 of the IWPCA provides "[a]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned.

78. The Village knowingly, intentionally, and wrongfully refused to pay overtime wages to due and owing to Plaintiffs as required by the Manual during the (10) year period immediately preceding the filing of this complaint as codified in the IWPCA and, as a continuing violation, through and past the date of this filing.

79. As a result of the Village's willful refusal to pay wages as defined in the IWPCA, Plaintiffs have suffered lost wages and are entitled to statutory interest.

WHEREFORE, Plaintiffs TODD DOTY, PAUL HURCKES, TODD KOSTER, JILL KRUGER, MICHAEL LAREAU, MATTHEW MCGEEVER, DAVID PEDRIC, GERALD SMITH, JAMES TAVERNARO, and DANIEL ZELLER pray that this Honorable Court render judgment in their favor and against Defendant VILLAGE OF SOUTH HOLLAND in an amount in excess of $500,000.00 in compensatory damages, liquidated damages, statutory interest, attorney fees, costs of suit and any other pecuniary relief this court deems proper.

### COUNT III – VIOLATION OF ILLINOIS MINIMUM WAGE LAW

80. Plaintiffs repeat, re-allege, and incorporate by reference the allegations of paragraphs one through sixty-one as if fully set forth herein.

81. Section 820 ILCS § 105/4a of the IMWL mandates "[e]xcept as otherwise provided in this Section, no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 1/2 times the regular rate at which he is employed."

82. Between the beginning of the limitation period and continuing through the filing of this complaint and beyond, the Village failed to pay compensation to Plaintiffs at a rate not less than 1 ½ times their respective regular rate for hours worked in excess of 40 hours in a workweek.

83. The Village's refusal to pay overtime to Plaintiffs pursuant to the IMWL was willful and/or intentional.

84. As a result of the Village's unlawful wage practices, the Plaintiffs suffered lost wages.

85. As a result of the Village's unlawful wage practices, the Plaintiffs are entitled to treble damages, attorney fees, cost of suit and 5% interest per month on any underpayments of wages pursuant to 820 ILCS 105/12.

WHEREFORE, Plaintiffs TODD DOTY, TODD KOSTER, JILL KRUGER, MICHAEL LAREAU, MATTHEW MCGEEVER, GERALD SMITH, and DANIEL ZELLER pray that this Honorable Court render judgment in their favor and against Defendant VILLAGE OF SOUTH HOLLAND in an amount in excess of $400,000.00 in compensatory damages, liquidated damages, statutory interest, attorney fees, costs of suit and any other pecuniary relief this court deems proper.

          Respectfully submitted,

          GRIFFIN WILLIAMS
          MCMAHON & WALSH, LLP


          By: */s/ Patrick J. Walsh*
                Patrick J. Walsh, Esq.

Patrick J. Walsh, Esq.
GRIFFIN WILLIAMS
MCMAHON & WALSH, LLP
21 North Fourth Street
Geneva, Illinois 60134
(630) 457-4242
ARDC. No. 6287629
pwalsh@gwmwlaw.com