UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TODD DOTY et al.,

    Plaintiff,

v.

VILLAGE OF SOUTH HOLLAND,

    Defendant.

Case No. 1:23-cv-03897

Judge Martha M. Pacold

## MEMORANDUM OPINION & ORDER

Before the court is defendant Village of South Holland's partial motion to dismiss. [38]. For the reasons discussed below, the motion is denied.

## BACKGROUND

The court draws the following facts from the amended complaint, [37],[1] which the court accepts as true for purposes of the motion to dismiss. *See Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 363, 365 (7th Cir. 2018) (citation omitted).

Plaintiffs Todd Doty, Paul Hurckes, Todd Koster, Jill Kruger, Michael Lareau, Matthew McGeever, David Pedric, Gerald Smith, James Tavernaro, and Daniel Zeller are police sergeants, lieutenants, and commanders in the Village of South Holland, Illinois. [37] ¶¶ 7–25. They are paid on an hourly basis and receive their paychecks every two weeks. *Id.* ¶ 41. Their work schedules vary week to week. *Id.* ¶ 48. At the start of each scheduled shift, they are required to arrive at least fifteen minutes before their scheduled start time to "discuss policing and supervisory issues related to the prior shift." *Id.* ¶¶ 56–57.

As employees of the Village, plaintiffs are subject to the Village of South Holland Employee Manual ("Manual"). *Id.* ¶ 50. The Manual makes clear that it is intended only "as a quick reference guide" and "is not a contract." [39-1] at 4.[2] As relevant here, it provides that the Village pays time-and-a-half for any hours non-exempt police officers work beyond eighty in a two-week period. [37] ¶ 51. Each

---

[1] Bracketed numbers refer to docket entries and are followed by page and / or paragraph number citations. Page numbers refer to the CM/ECF page number.

[2] Because the Manual is (1) referenced in the complaint and (2) central to plaintiffs' claims under the Illinois Wage Payment and Collection Act, *see* [37] ¶ 50, the court can consider it in deciding the motion to dismiss. *See Esco v. City of Chicago*, 107 F.4th 673, 678 (7th Cir. 2024).

plaintiff at times worked more than 55 hours in a week, and some worked more than 64 hours in a week. *Id.* ¶ 53. However, the Village did not pay plaintiffs overtime even when they worked more than 80 hours in two weeks and did not include the additional fifteen minutes before each shift in calculating their total hours (and thus their entitlement to overtime pay). *Id.* ¶¶ 54, 60–61.

On June 21, 2023, plaintiffs sued the Village, alleging violations of the federal Fair Labor Standards Act (FLSA), the Illinois Minimum Wage Law (IMWL), and the Illinois Wage Payment and Collection Act (IWPCA). [1]. After argument on the Village's motion to dismiss, plaintiffs requested leave to amend, [32], which the court granted. [36]. Plaintiffs filed an amended complaint raising the same claims. [37]. The Village now moves to dismiss plaintiffs' state law claims under Federal Rule of Civil Procedure 12(b)(6). [38].

## LEGAL STANDARD

On a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all factual allegations in the complaint and draw[s] all permissible inferences in plaintiffs' favor." *Boucher*, 880 F.3d at 365. "To survive a motion to dismiss, a plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* at 365–66 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 366 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court "need not accept legal conclusions or conclusory allegations." *Khan v. OneWest Bank, F.S.B.*, 16-cv-8074, 2017 WL 1344535, at *3 (N.D. Ill. Apr. 12, 2017) (citing *Iqbal*, 556 U.S. at 680–82). Dismissal is appropriate where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.

## DISCUSSION

The Village does not argue that plaintiffs' FLSA claims should be dismissed. [39] at 1. However, it raises two arguments for dismissing plaintiffs' state-law claims. First, it argues that both the IMWL and the IWPCA are unfunded mandates, and thus that Illinois's Mandates Act, 30 ILCS 805/1 *et seq.*, relieves the Village of its obligations under both statutes. Second, it argues that plaintiffs have not stated claims under the IWPCA because they have not alleged the existence of an employment agreement. The court will address each argument in turn.

I.   **Neither the IMWL nor the IWPCA Is an Unfunded Mandate**

"In general, the [Illinois] Mandates Act requires the General Assembly to reimburse units of local government for the added costs of certain types of State-imposed mandates and relieves local governments of the obligation to implement such mandates if State reimbursement is not provided." *Bd. of Educ. of*

2

*Maine Twp. High Sch. Dist. 207 v. State Bd. of Educ.*, 139 Ill. App. 3d 460, 463 (1985). As relevant here, the Mandate Act "relieve[s] the local government of the obligation to implement any . . . personnel mandates" unless the General Assembly "make[s] necessary appropriations." 30 ILCS 805/8(a). As used in the Act, "'[p]ersonnel mandate' means a State mandate concerning or affecting local government . . . salaries and wages." *Id.* § 3(h). The Village argues that the IMWL and IWPCA are personnel mandates and that the General Assembly did not provide the "necessary appropriations" for implementing those mandates, thus relieving the Village of its obligations under those statutes.

In *Ballantine v. Village of Mokena*, No. 1:21-cv-00426, 2024 WL 5344468 (N.D. Ill. Oct. 29, 2024), the court "categorically reject[ed] the notion that the IMWL or IWPCA are unfunded mandates such that the Village is relieved of its obligations to comply with either law." *Id.* at *6. This holding rested on two rationales. First, the court observed that the IWPCA "does not provide a plaintiff with any independent source of wages or . . . overtime." *Id.* Thus, the IWPCA does not "necessitate[] additional expenditures" within the meaning of the Mandates Act. *Id.* (quoting 30 ILCS 805/3). Second, both the IWML and the IWPCA were passed before the Mandates Act, and the Mandates Act governs "*future* State-initiated specification of local government services, standards and employment conditions that ha[ve] the effect of necessitating increased local government expenditures." *Id.* (quoting 30 ILCS 805/2(b)(2)) (emphasis in *Ballantine*). The court also addressed (and rejected) the same arguments based on subsequent amendments to the IMWL and IWPCA that the Village raises here, reasoning that the amendments did not necessitate additional expenditures by local governments. *Id.* at *7.

The Village correctly notes that *Ballantine* is not binding on this court. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011). It argues that the court should instead follow the "binding" authority it cites. However, the only decision the Village cites—*Maine Township*—is likewise non-binding. *See Acuity v. Lenny Szarek, Inc.*, 128 F. Supp. 3d 1053, 1061 (N.D. Ill. 2015). More importantly, *Maine Township* does not address either the IMWL or the IWPCA, and it emphasized that "the two laws at issue" there—unlike the IMWL and the IWPCA—were enacted "over two years after the enactment of the State Mandates Act." *Maine Twp.*, 139 Ill. App. 3d at 464. It expresses no view on the question at issue here: whether the IMWL and the IWPCA, both of which predate the Mandates Act, are binding on local governments. On that point, the court finds *Ballantine*'s reasoning persuasive. Accordingly, the court declines to find that the Mandates Act warrants dismissal.

II. **Plaintiffs Have Alleged the Existence of an Agreement**

Next, the Village argues that plaintiffs' IWPCA claims fail because they have not alleged the existence of an employment agreement. Subject to certain exceptions not applicable here, the IWPCA requires "[e]very employer . . . at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period."

3

820 ILCS 115/3. The Act defines "wages" as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties." *Id.* § 2. Thus, the Act "does not provide an independent right to payment of wages and benefits; instead, it only enforces the terms of an existing contract or agreement." *Wharton v. Comcast Corp.*, 912 F. Supp. 2d 655, 658 (N.D. Ill. 2012).

To satisfy the agreement requirement, plaintiffs point to the Village Manual. [37] ¶ 50. The Village argues, however, that the Manual is not an agreement and thus cannot provide the basis for an IWPCA claim. Under the Act, the term "agreement" is "broader than a contract and requires only a manifestation of mutual assent on the part of two or more persons." *Landers-Scelfo v. Corporate Office Systems, Inc.*, 356 Ill. App. 3d 1060, 1067 (2005). The Village argues that the Manual is not an agreement for two reasons: first, because it never promises to pay overtime; second, because it disclaims creating any obligation on the part of the Village.

The Village acknowledges that the Manual provides that "[t]ime and a half is paid to non-exempt employees for hours worked in excess of . . . 80 hours in a bi-weekly period for Police Officers and Firefighters." [39-1] at 21. It argues, however, that this does not constitute a promise to pay overtime because the Manual does not define who qualifies as "non-exempt." However, the Manual explains that the Village classifies employees as exempt or non-exempt "consistent with the Fair Labor Standards Act and applicable state law." [39-1] at 19. The Village does not contend that plaintiffs are exempt under the FLSA or state law. Accordingly, the Village's first argument is unpersuasive.

Next, the Village argues that disclaimers in the Manual negate mutual assent. Specifically, it points to the Manual's "Statement of Purpose" section. That section provides that the Manual "is provided . . . as a quick reference guide" that "expresses guidelines, and is not a contract." *Id.* at 4. It also indicates that "[t]he Village reserves the right to change any policy at any time at its sole discretion without advance notice." *Id.* Finally, it provides that "[n]o representative of the Village, other than the Village Administrator or Village Board as appropriate, and then only when in writing and signed by the Village Administrator, has authority to enter into any agreement for employment, wages, or benefits for any specified period of time, or to make any agreement contrary to the foregoing." *Id.*

None of this language negates mutual assent. The IWPCA "does not treat disclaimer language as necessarily preventing the formation of mutual assent to terms." *Das v. Tata Consultancy Servs. Ltd.*, 118 F.4th 903, 907 (7th Cir. 2024). Rather, "[c]ompany policies and policies in a handbook create an agreement even when the handbook or policy contains a general disclaimer." *Id.* at 908 (quoting Ill. Admin. Code tit. 56, § 300.450). Illinois Department of Labor regulations, which are "at least persuasive guidance," *id.*, specifically address "provision[s] disclaiming [a] handbook from being an employment contract, a guarantee of employment, or an enforceable contract," explaining that such disclaimers do not negate mutual assent.

4

Ill. Admin. Code tit. 56, § 300.450. The same regulation likewise provides that "[a]n agreement exists . . . even if one or either party reserves the right to change the terms of the agreement." *Id.* This makes clear that the disclaimers the Village cites do not negate mutual assent.

At the pleading stage, plaintiffs need only "provide[] sufficient factual matter to draw the reasonable inference that [the employer] manifested mutual assent to pay . . . pursuant to the terms of the" Manual. *Das*, 118 F.4th at 910–11. Plaintiffs have done so. Accordingly, they have adequately alleged violations of the IWPCA.

## CONCLUSION

For the reasons discussed above, the partial motion to dismiss, [38], is denied.

Dated: April 22, 2025 /s/ Martha M. Pacold